IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:05-CR-16 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN EDWARD JACKSON, | ) | By: Hon. Michael F. Urbanski |
| Defendant | ) | Chief United States District Judge |

## MEMORANDUM OPINION

John Edward Jackson, represented by counsel, filed a motion to reduce his term of supervised release from five years to four years pursuant to Section 404(b) of the First Step Act of 2018 ("the Act"). ECF No. 267. The government agrees that Jackson is eligible for such a reduction. ECF No. 286. For the reasons set forth below, the court finds that Jackson is eligible for a reduction in his term of supervised release, but nevertheless **DENIES** the motion for reduction.

Also pending is Jackson's motion to quash the arrest warrant issued in his case on June 17, 2020. ECF No. 324. Having considered the motion, the court **GRANTS** the motion to quash the arrest warrant, **DIRECTS** the United States Marshals Service ("U.S.M.S.") to lift the detainer lodged against Jackson and **ORDERS** the Clerk's office to issue a summons for Jackson to appear at a hearing to determine whether his term of supervised release should be revoked.

## BACKGROUND

On October 4, 2005, Jackson entered into a plea agreement where he pled guilty to one count of conspiracy to distribute and possession with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. Plea Agreement, ECF No. 69.

On January 18, 2006, he was sentenced to a term of 300 months incarceration to be followed by a 5-year term of supervised release. Judgment, ECF No. 100. On April 29, 2008, Jackson's sentence was reduced to 241 months following the United States Sentencing Commission's ("U.S.S.C.") retroactive application of the amended guidelines pertaining to crack cocaine. ECF No. 166. On November 15, 2011, Jackson's sentence was reduced to 193 months, following the U.S.S.C.'s amendment to the sentencing guidelines implementing the provisions of the Fair Sentencing Act of 2010 (Amendment 750). ECF No. 209. On April 8, 2015, Jackson's sentence was further reduced to 155 months based upon a guideline sentencing range that was lowered and made retroactive by the U.S.S.C. ECF No. 232. Jackson subsequently was released from custody to serve the 5-year term of supervised release.

Jackson filed the pending motion to reduce his term of supervised release from 5 years to 4 years on August 20, 2019. ECF No. 267. On December 10, 2019, a summons was issued for Jackson to appear following allegations that he had admitted using cocaine and marijuana in violation of the terms of his supervised release. ECF Nos. 282, 284. A supervised release revocation hearing was set and later continued to June 11, 2020. ECF Nos. 297, 298, 305. However, Jackson was arrested on June 11, 2020 in Fauquier County, Virginia for distribution of Schedule I and II Drugs. ECF No. 306. On June 17, 2020, this court issued a warrant for Jackson's arrest for violation of the terms of his supervised release. ECF Nos. 306, 307. Jackson has been in state custody since that time. ECF No. 324.

## APPLICABLE LAW

### I. First Step Act

At the time Jackson was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). A defendant who violated § 841(b)(1)(A) was subject to a minimum 5-year term of supervised release and a defendant who violated § 841(b)(1)(B) was subject to a minimum 4-year term of supervised release.

In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range and the 5-year term of supervised release, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range and the 4-year term of supervised release, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the Act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were

committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

It is undisputed that Jackson committed his offense before August 3, 2010, and his offense carries the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act. Thus, he is eligible for a reduction in his term of supervised release to 4 years. Notwithstanding Jackson's eligibility, the court has discretion to grant or deny relief under the First Step Act. See Sec. 404(c) of the First Step Act ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); see also Wright v. United States, 425 F.Supp.3d 588, 595 (E.D. Va. Nov. 14, 2019) (finding the First Step Act grants broad discretion to the district court in providing relief); United States v. Banks, No. 1:07-00157, 2019 WL 2221620, at *1 (S.D.W.V. May 22, 2019) ("[A] court is not required to reduce a sentence under the First Step Act.") (emphasis in original).

Because Jackson has been arrested and currently is in state custody on drug charges, and because revocation of his term of supervised release is pending in this court, the court declines to reduce his term of supervised release. Both the charges and the allegations forming the basis of the revocation proceedings, if proven, would indicate that Jackson has violated the trust placed in him by the court when he was released from prison. A reduction in his supervised release term is not warranted while the charges are pending. Accordingly, Jackson's motion for First Step Act relief, ECF No. 267, is **DENIED without prejudice**.

## II. Motion to Quash

Following Jackson's arrest on state drug charges, a warrant for his arrest was issued in this case on June 17, 2020 and the U.S.M.S. has lodged a detainer, requiring Jackson to be taken into federal custody to answer the pending revocation charges. ECF Nos. 306, 307 and staff note of September 3, 2020. On June 25, 2020 the Fauquier County Circuit Court granted Jackson release on a $10,000 unsecured bond, with the condition that he wear a GPS ankle monitor. ECF No. 324-1. However, Jackson cannot have an ankle monitor while he is in the custody of the U.S.M.S. Thus, despite the fact that the state court granted his release on bond, he remains in custody because the Northwest Regional Adult Detention Center will not release him without a GPS monitor and the U.S.M.S will not accept him into custody while he is wearing a GPS monitor.

Based on the foregoing, the court **GRANTS** the motion to quash the arrest warrant and **DIRECTS** the U.S.M.S. to lift the detainer requiring Jackson to be placed in federal custody upon his release from the state detention facility. The court **DIRECTS** that a summons be issued for Jackson to appear for revocation proceedings.

## CONCLUSION

For the reasons stated above, the court **DENIES without prejudice** Jackson's motion for First Step Act relief, ECF No. 267, and **GRANTS** the motion to quash the arrest warrant, ECF No. 324. The United States Marshals Service is **DIRECTED** to lift the detainer lodged against Jackson and the Clerk is **DIRECTED** to issue a summons for Jackson to appear for revocation of supervised release proceedings.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: 10/28/2020

Michael F. Urbanski
Chief United States District Judge